# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON** | Case No. 2:18-cv-02070-NIQA |
| | Honorable Nitza I. Quinones Alejandro. |
| Plaintiff, | |
| v. | |
| **TARGET ADVANCE FUNDING LLC** | ORAL ARGUMENT REQUESTED |
| | |
| Defendant. | |

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Everett Shelton*

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff, by and through the undersigned attorney, hereby makes this motion pursuant to F.R.C.P 59(e) and asks that this Honorable Court reconsider the order entered on 4/16/2019 which dismissed, with prejudice, certain counts of Plaintiff's Complaint due to what the Court held was a lack of Article III Standing. On the basis that Article III Standing is a crucial component of subject matter jurisdiction, and in the absence of Article III Standing there is no subject matter jurisdiction, Plaintiff respectfully submits to this Court that this Court lacks subject matter jurisdiction to adjudicate the claims on the merits and that the counts dismissed with prejudice should instead have been dismissed without prejudice so that Plaintiff can pursue them in a court [i.e. Court of Common Pleas] that does not have an Article III Standing requirement.

A supporting brief and a proposed order accompany this motion. Oral argument is requested and sought if the Court believes it would be helpful or necessary to fully consider and contemplate the motion.

        RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES EVERETT SHELTON**<br><br>Plaintiff,<br>v.<br>**TARGET ADVANCE FUNDING LLC**<br><br>Defendant. | Case No. 2:18-cv-02070-NIQA<br><br>Honorable Nitza I. Quinones Alejandro. |

**REO LAW, LLC**
By: Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Everett Shelton*

## BRIEF IN SUPPORT PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant filed a motion to dismiss which was granted in part, as to claims per 47 U.S.C. 227(c) to the extent that this Court found that there was no Article III Standing and that Plaintiff Shelton had no standing to proceed as to the claims brought pursuant to that statute.

Plaintiff does not intend to attempt to re-litigate the issue of Standing. For purposes of this motion Plaintiff will concede that there appears to be lack of Article III Standing. Plaintiff's purpose in this motion for reconsideration is to demonstrate that the court should not have adjudicated those claims upon the merits by dismissing them with prejudice when the most appropriate course of action would have been to dismiss those claims without prejudice so that

3

Plaintiff Shelton would have been able to file them in a court where Article III Standing is not a requirement. Plaintiff Shelton's position is that this Court lacked subject matter jurisdiction to adjudicate the claims upon the merits and to enter an order dismissing those counts with prejudice.

When a US District Court discovers that it lacks subject matter jurisdiction there are generally only two options available.

1) If the case was initiated in state court and was removed to the District Court by the defendant then the remedy is to remand the case back to state court.

2) If the case was initiated in District Court by the plaintiff then the remedy is a dismissal without prejudice.

A dismissal with prejudice is never an appropriate remedy where the court determines that it lacks subject matter jurisdiction because a dismissal with prejudice operates as an adjudication on the merits and a court that lacks subject matter jurisdiction arguably lacks the authority to adjudicate to dispose of a matter on the merits.

Plaintiff respectfully calls this Court's attention to two cases that are strikingly similar to the situation in the instant action.

*May v. Consumer Adjustment Co.*, 2017 U.S. Dist. LEXIS 7401 (E.D. Mo. Jan. 19, 2017)
and – *Mocek v. AllSaints USA Limited*, No. 1:2016-cv-08484 - Document 31 (N.D. Ill. 2016)

Allsaints removed the case to federal court asserting federal question jurisdiction. After removal, however, Allsaints moved to have the case dismissed with prejudice on the grounds that plaintiff lacked Article III standing per a Spokeo style motion to dismiss. See *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546 (2016).

In response, Ms. Mocek moved to remand the case back to state court, contending that the Allsaints' argument in favor of dismissal was an "affirmative disavowal of jurisdiction."

The court remanded the action to state court, taking Allsaints to task for trying "to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than [remand]."

In *May* the court found a lack of subject matter jurisdiction based on the lack of Article III standing which is a crucial component for a United States District Court to exercise subject matter jurisdiction, and the court dismissed the action, but the dismissal was without prejudice, because a court that lacks subject matter jurisdiction cannot adjudicate the case on the merits because any judgment issued would be void for lack of subject matter jurisdiction.

The present situation with Plaintiff Shelton is strikingly similar to the facts in both *May* and *Mocek* in that Plaintiff was found to have lacked Article III standing in the opinion and order which partially granted the motion to dismiss. However, the dismissal was with prejudice when, if this Court lacks subject matter jurisdiction via a finding of no Article III standing, it should have been without prejudice.

Accordingly, Plaintiff respectfully moves this Honorable Court to grant this motion for reconsideration and to modify the judgment entry accordingly such that the granting of the partial dismissal with prejudice is changed to a dismissal without prejudice due to the Court's lack of subject matter jurisdiction and thus the lack of ability to adjudicate on the merits.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

# Certificate of Service

I, Bryan Anthony Reo, do hereby certify and affirm that a true and accurate copy of the foregoing document was submitted to the Court's Electronic Filing System on April 29, 2019, which should serve said document upon all attorneys of record for the instant civil action:

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Plaintiff James Shelton*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON**<br><br>Plaintiff,<br>v.<br>**TARGET ADVANCE FUNDING LLC**<br><br><br>Defendant. | Case No. 2:18-cv-02070-NIQA<br><br>Honorable Nitza I. Quinones Alejandro. |

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Everett Shelton*

---

## ORDER GRANTING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

---

THIS MATTER came to be considered by the Court pursuant to the Plaintiff's Motion for Reconsideration filed by Plaintiff in the above-captioned cause. The Court having considered the Motion and being fully advised of the premises, it is, therefore,

ORDERED and ADJUDGED:

1. That Plaintiff's Motion for Reconsideration is hereby granted.
2. The order entered on 4/16/2019 granting in part the motion to dismiss and dismissing with prejudice is hereby modified to a dismissal without prejudice.

DONE AND ORDERED in Chambers at Philadelphia, Pennsylvania this _____ day of _____, 2019.

_____

NITZA I. QUINONES ALEJANDRO, JUDGE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

Copies to:

Bryan Anthony Reo

Norman Valz