**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON** | ) | |
| Plaintiffs | ) | Civil Action No. 18-cv-02070-NIQA |
| vs. | ) | |
| | ) | |
| **TARGET ADVANCE LLC** | ) | **DEFENDANT, TARGET ADVANCE LLC's** |
| Defendants | ) | **ANSWER with AFFIRMATIVE DEFENSES** |
| | ) | **TO PLAINTIFFS' AMENDED** |
| | ) | **COMPLAINT** |

Defendant, Target Advance, LLC responds to the claims of Plaintiff's Amended Complaint as follows and hereby aver the following in their Answer with Affirmative Defenses.

**Preliminary Statement**

This paragraph contains no relevant factual allegations but rather consists of conclusions of law or immaterial, impertinent, and scandalous materials and should be stricken pursuant to Fed. R. Civ. P. 12 (f)(1).

**ANSWERS**

1-2.   It is admitted only that Plaintiff purported to style his Complaint in the manner so indicated. The allegations of this paragraph are otherwise conclusions of law to which no response is required, and they are, therefore, denied. To the extent a response is required, the allegations are denied.

3-4.   The allegations of this paragraph refer to a document or report that speaks for itself, and Plaintiff's characterization thereof is denied. To the extent a response is required, the allegations are denied.

5.-8.     Defendant denies that any phone calls were unwanted or unsolicited as characterized by Plaintiff – further Defendant avers that with the possible exception of one telephone call, no calls were "Robocalls" under the definition used in the TCPA.

## JURISDICTION / VENUE

9.     Admitted.

10.    Admitted.

11.    Defendant is without the requisite knowledge to affirm or deny.

12.    Denied.    The allegations of this paragraph are denied in so far as Defendant is not a corporation.

## Background TCPA

13.-18. The allegations of these paragraphs refer to a document that speaks for itself, and Plaintiff's characterization thereof is denied.  The allegations also include conclusions of law to which no response is required, and they are, therefore, denied.

19-22. Admitted.

23.    Denied as stated that Defendant utilizes Automatic Dialing Systems as defined under the TCPA.

24.-34. Defendant is without information to deny or affirm.

35.-37. Defendant avers that Plaintiff's conduct was such as to give assent or permission for receiving further communications from Defendant.

38.-41. Defendant is without information to deny or affirm.

42.    Denied.   Plaintiff's actions constituted consent.

43.-45. Admitted in so far as Plaintiff sent Defendant one of his standard hold-up letters seeking money.

46. The allegations of these paragraphs refer to a document that speaks for itself, and Plaintiff's characterization thereof is denied. The allegations also include conclusions of law to which no response is required, and they are, therefore, denied.

47. Denied.

48. Admitted.

49.-50. Defendant is without information to affirm or deny.

51. Defendant is without specific information to affirm or deny – however, if such a call took place it was only if Plaintiff gave consent for such a call to occur.

52.-57. Defendant avers that Plaintiff's actions constituted consent.

58. Denied as stated. Defendant denies automatic robocalls are made within definition given in TCPA.

59. Denied.

60. Defendant without information to deny or affirm.

61.-66. The allegations of these paragraphs refer to a document that speaks for itself, and Plaintiff's characterization thereof is denied. The allegations also include conclusions of law to which no response is required, and they are, therefore, denied.

67. By error not included in Complaint.

68. Denied. Defendant avers that Plaintiff sought to have these calls made to his number.

69. Defendant is without information to affirm or deny.

## FIRST CAUSE OF ACTION

70.-72. The allegations of these paragraphs refer to a document that speaks for itself, and Plaintiff's characterization thereof is denied. The allegations also include conclusions of law to which no response is required, and they are, therefore, denied.

## SECOND CAUSE OF ACTION

73.-75. The allegations of these paragraphs refer to a document that speaks for itself, and Plaintiff's characterization thereof is denied. The allegations also include conclusions of law to which no response is required, and they are, therefore, denied.

## THIRD CAUSE OF ACTION

76.-78. Dismissed by Court.

## FOURTH CAUSE OF ACTION

79.-81. Dismissed by Court.

## FIFTH CAUSE OF ACTION

82.-83. The allegations of these paragraphs refer to a document that speaks for itself, and Plaintiff's characterization thereof is denied. The allegations also include conclusions of law to which no response is required, and they are, therefore, denied.

## SIXTH CAUSE OF ACTION

84.-85. The allegations of these paragraphs refer to a document that speaks for itself, and Plaintiff's characterization thereof is denied. The allegations also include conclusions of law to which no response is required, and they are, therefore, denied.

## SEVENTH CAUSE OF ACTION

86.-87. The allegations of these paragraphs refer to a document that speaks for itself, and Plaintiff's characterization thereof is denied. The allegations also include conclusions of law to which no response is required, and they are, therefore, denied.

## EIGHTH CAUSE OF ACTION

88.-89. The allegations of these paragraphs refer to a document that speaks for itself, and Plaintiff's characterization thereof is denied. The allegations also include conclusions of law to which no response is required, and they are, therefore, denied.

## PRAYER FOR RELIEF

Defendant denies any and all reasoning, calculations and/or averments that Plaintiff has suffered any damages.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses in response to the Amended Complaint:

1. The Amended Complaint fails to state a claim upon which relief can be granted;

2. Plaintiffs' claims are barred by the applicable statutes of limitation and doctrine of laches;

3. Plaintiffs' claims are barred by res judicata, collateral estoppel, and related preclusion doctrines;

4. Plaintiffs' claims are barred by the doctrines of equitable estoppel and unclean hands;

5. Plaintiffs' claims cannot proceed because they have been waived;

6. Plaintiffs' claims are barred because its alleged damages are the result of their own negligent conduct and negligent misrepresentations;

7. Plaintiffs' claims are barred, in whole or in part, to the extent the doctrine of estoppel applies;

8. Plaintiffs' claims are barred, in whole or in part, to the extent that they have unclean hands;

**9.** Plaintiffs' claims are barred, in whole or in part, to the extent the doctrine of waiver applies;

10. If Plaintiffs sustained injuries or damages as alleged in the complaint, which damages and injuries are expressly denied, said damages and injuries occurred as a result of Plaintiffs own culpable conduct;

11. Plaintiffs failed to mitigate the alleged damages;

12. Plaintiffs knowingly and voluntarily sought to have Defendant engage in a series of telephone solicitations and assumed all responsibility associated with these call and therefore are responsible for their own alleged damages; and

13. This matter should not proceed where Plaintiffs have failed to join all necessary parties.

14. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

15. Plaintiff's claims are barred in whole or in part because Plaintiff has not been harmed by any alleged acts of Defendant.

16. If Plaintiff suffered any damages at all, then such damages were and are the proximate and immediate result of the actions or inactions of Plaintiff and/or parties other than Defendant.

17. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff lacks prudential standing to sue under the Telephone Consumer Protection Act.

WHEREFORE, does hereby respectfully request a judgment in its favor and against Plaintiff.

Respectfully Submitted,

_____
Norman M Valz, Attorney for
Target Advance, LLC

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, the preceding document has been served upon all parties through their counsel through the ECF system on the date of this filing.

Respectfully,

_____
Norman M. Valz