**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**


**JAMES EVERETT SHELTON**
     Plaintiff

-against-

                                  Civil Action No. 2:18-cv-02070-NIQA

**TARGET ADVANCE, LLC**
     Defendants

_____

**DEFENDANT TARGET ADVANCE, LLC's**
**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR**
**RECONSIDERATION**
_____

By: Norman M. Valz, Esq.– Attorney for Respondent
Law Office of Norman M. Valz, P.C.
PA I.D. No. 61338
490 Norristown Road – Suite 151
Blue Bell, PA    19422
Tel. (215) 756-2424
Fax (215) 827-5758
Email: nvalz@msn.com

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT……………………………………………1

II.   STANDARD OF REVIEW ...................................................................2

III.  ARGUMENT ................................................................................... 2

CONCLUSION……………………………….…….………..….……..…8

**TABLE OF AUTHORITIES**……………………………………………………...ii

# TABLE OF AUTHORITIES

CASES                                                                                  PAGE

*Assisted Living Group, Inc. v. Upper Dublin Township,*
     Civ. A. No. 97-3427, 1997 WL 762801 (E.D. Pa. Dec. 8, 1997)556 U.S. 662 (2009).1,2,4

*Burger King Corp. v. New England Hood and Duct Cleaning Co.,*
     No. 98-3610, 2000 WL 133756 at \*2 (E.D. Pa. Feb 4, 2000)…………………..………2,3

*Environ Prods., Inc. v. Total Containment, Inc.*,
     951 F. Supp. 57, 62 n.1 (E.D. Pa. 1996)……………………………………………………..2

*General Instrument Corp. v. Nu-Tek Electronics,*
     3 F. Supp. 3 2d 602, 606 (E.D. Pa. 1998), aff'd, 197 F.3d 83 (3d Cir. 1999)……………2

*Harsco Corp. v. Zlotnicki,*
     799 F.2d 906, 909 (3d Cir. 1985)………………………………………………………1,3

*NL Indus., Inc. v. Commercil Union Ins. Co.*,
     65 F.3d 314, 324 n. 8 (3d Cir.1995)……………………………………………………2

*United States v. Phillips*,
     2001 WL 527810, at \*1 (E.D. Pa. May 17, 2001)……………………………...…………2

## OTHER AUTHORITIES

Fed. R. Civ. P  59(e) ....................................................................................................................2

Local Rule 7.1 (g)........................................................................................................................2

## PRELIMINARY STATEMENT

Plaintiff's Motion for Reconsideration of this Court's Order of April 16, 2019, Dismissing Counts III and IV of Plaintiff's Complaint for lack of standing, used the "Kitchen Sink" method of throwing in anecdotes and statements from unrelated litigation and actions.   However, Plaintiff's Motion did not include any new evidence, new case law, or allegations of manifest injustice which have not been previously briefed and argued in this litigation.

Plaintiff's Memorandum of Law in support of its motion for reconsideration includes repetitive arguments which have already been fully examined by the court, request to raise arguments that could have previously been asserted and attempt to introduce evidence and documents which bear no relevancy to the matter at hand.   Assisted Living Group, Inc. v. Upper Dublin Township, Civ. A. No. 97-3427, 1997 WL 762801, at *2 (E.D. Pa. Dec. 8, 1997) (citing Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir. 1985)) (disposing of a motion to reconsider a denial of a motion to intervene).   Because Plaintiff simply asks this Court to consider "arguments that could have previously been asserted,"  and Plaintiff failed to present any relevant new evidence, case law or legislation which would impact this Court's decision to Dismiss Plaintiff's Complaint, Plaintiff fails to meet the standard for granting a motion for reconsideration. See Assisted Living

Group, 1997 WL 762801, at *2. Therefore, Burroughs' Motion for Reconsideration is denied.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Courts should grant these motions sparingly, reserving them for instances when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. See, e.g., General Instrument Corp. v. Nu-Tek Electronics, 3 F. Supp. 3 2d 602, 606 (E.D. Pa. 1998), aff'd, 197 F.3d 83 (3d Cir. 1999); Environ Prods., Inc. v. Total Containment, Inc., 951 F. Supp. 57, 62 n.1 (E.D. Pa. 1996). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration. See United States v. Phillips, 2001 WL 527810, at *1 (E.D. Pa. May 17, 2001) citing  Burger King Corp. v. New England Hood and Duct Cleaning Co., No. 98-3610, 2000 WL 133756 at *2 (E.D. Pa. Feb 4, 2000).   See also NL Indus., Inc. v. Commercil Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir.1995).

## III. ARGUMENT

**A.      Movant Failed to Introduce New Evidence**

Surprisingly, or simply due to the complete lack of evidence of manifest injustice, Plaintiff did not include any additional evidence in his Motion for Reconsideration.

**B.      Movant Failed to Introduce New Relevant Law**

Plaintiff did not argue that any new and relevant case law or statutes have been instituted which could have a material impact on this Court's decision.

**C.      Movant Failed to Argue Error of Law or Manifest Injustice**

Perhaps more tellingly, Plaintiff does not attach a statement or affidavit from Plaintiff alleging injustice steming from this Court's decision.     No arguments of their being an error of law or a manifest injustice stemming from this Court's decision were made in Plaintiff's Memorandum of Law.

## <u>CONCLUSION</u>

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir.1985). " 'Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.' " <u>Burger King Corp. v. New England Hood & Duct Cleaning Co</u>., No. 98-3610, 2000 WL 133756, (E.D.Pa. Feb.4, 2000) (citation omitted).

Because Plaintiff simply asks this Court to consider arguments which had previously been made in this litigation or arguments that could have previously been asserted, Plaintiff fails to meet the standard for granting a motion for reconsideration. See <u>Assisted Living Group</u>, 1997 WL 762801, at *2.

Philadelphia, PA

May 12, 2019

Respectfully submitted,

**Law Office of Norman M. Valz, P.C.**

Norman M. Valz, Esq.– Attorney for Defendant
Law Office of Norman M. Valz, P.C.
PA I.D. No. 61338
490 Norristown Road - Suite 151
Blue Bell, PA   19422
Tel. (215) 756-2424
Fax (215) 827-5758
Email: nvalz@msn.com

.

**Certification of service**

The undersigned certifies that true and correct copies of the foregoing was

served by upon all parties of interest through the ECF System on the following:

Philadelphia, Pennsylvania                    Respectfully Submitted,

May 12, 2019                          _____
                                     Norman M. Valz, Esq.– Attorney for Defendant
                                     Law Office of Norman M. Valz, P.C.
                                      PA I.D. No. 61338
                                     490 Norristown Road - Suite 151
                                     Blue Bell, PA   19422
                                     Tel. (215) 756-2424
                                      Fax (215) 827-5758