IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 18-2070 |
| | : | |
| **TARGET ADVANCE LLC** | : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 20th day of May 2019, upon consideration of the *motion for reconsideration* filed by Plaintiff James Shelton ("Plaintiff"), [ECF 28], and the response in opposition filed by Defendant Target Advance LLC ("Defendant"), [ECF 30], it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.[1]

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] Plaintiff brings this action under the Telephone Consumer Protection Act. [ECF 1, 16]. By Order dated April 16, 2019 with an accompanying memorandum opinion, Defendant's motion to dismiss was granted, *in part*, and two of Plaintiff's claims were dismissed for lack of standing. [ECF 26, 27]. Neither the memorandum opinion nor the Order, however, indicated whether the claims were dismissed with or without prejudice. On April 29, Plaintiff filed a motion for reconsideration wherein he argues that the claims were dismissed with prejudice and, therefore, requests that the Order be modified to indicate that the claims were dismissed "without prejudice." [ECF 28]. The scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Such motions are not to be used as an opportunity to relitigate decided issues; rather, they may be used only to correct manifest errors of law or fact, to present newly discovered evidence or an intervening change in law, or to prevent a manifest injustice. *Kerlinsky v. Main Line Hospitals, Inc*., 2012 WL 4050764, at *1 (E.D. Pa. Sept. 14, 2012) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Absent a designation of prejudice, a dismissal for lack of jurisdiction (which includes a dismissal for a lack of standing) is deemed to be without prejudice by default. *See* Fed. R. Civ. P. 41(b) (noting that "[u]nless the dismissal order states otherwise," any dismissal, except for, *inter alia*, lack of jurisdiction, operates as an adjudication on the merits"); *Gillette v. Terr. of the V.I.*, 563 F. App'x 191, 195 n.3 (3d Cir. 2014) ("Although the District Court did not specify that its dismissal was without prejudice, a dismissal for lack of jurisdiction is deemed to be without prejudice.") (citing Fed. R. Civ. P. 41(b); *EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1048-49 (3d Cir. 1993)); *see also Cottrell v. Alcon Labs.*, 874 F.3d 154, 164 n.7 (3d Cir. 2017) (noting that a dismissal for lack of standing is considered a dismissal for lack of subject-matter jurisdiction). As such, this Court's previous Order dismissing claims for lack of standing constituted a dismissal without prejudice. Accordingly, because Plaintiff has not identified any ground for reconsideration noted, his motion is denied.